

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 27, 2007**                          **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JEAN BAUMGARDNER, | § § | CASE NO. 05-48969-DML-7 |
| DEBTOR. | § | |
| RONALD W. BAUMGARDNER<br>    PLAINTIFF | § § § | |
| VS. | § § | ADVERSARY NO. 06-4018 |
| JEAN BAUMGARDNER,<br>    DEFENDANT. | § § § | |

### MEMORANDUM OPINION

On January 16, 2007, this court conducted a trial in the above-referenced adversary proceeding. Appearances were made by counsel for Ronald W. Baumgardner (the "<u>Plaintiff</u>") and by Ms. Sanders, mother of Jean Baumgardner (the "<u>Defendant</u>"), as Defendant's attorney-in-fact. Ms. Sanders presented the court with a "*Durable Power of Attorney of Litigation Agent*." Defendant having informed the court she could not obtain counsel and that health issues prevented her from acting *pro se*, the court permitted Ms. Sanders to speak on her behalf. The

court exercises core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(2)(B) and (K). This memorandum opinion embodies the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052.

## BACKGROUND

Plaintiff and Defendant are former spouses. Plaintiff and Defendant terminated their marriage pursuant to a Decree of Divorce (the "Divorce Decree") entered by the 303rd District Court, Dallas County, Texas (the "State Court") on April 18, 2000.[1] The Divorce Decree provided, *inter alia*:

> "IT IS ORDERED that the [Baumgardners'] house shall be placed on the market for sale no later than ninety (90) days after the earliest occurrence of the following events:
>
> 1. The child [Rachel Baumgardner] reaches the age of eighteen years or thereafter so long as the child is fully enrolled in an accredited primary or secondary school in a program leading toward a high school diploma, until the end of the school year in which the child graduates…"

In its "*Temporary Order In Suit To Modify Parent-Child Relationship and Order Appointing Receiver*," (the "Modification Order") the State Court found that the child support obligation of Plaintiff terminated under the Divorce Decree on February 11, 2003. In so finding, the State Court ordered that the Property[2] be placed on the market for sale. The State Court also ordered that Dick Clements be appointed as receiver for the sale of the Property.[3]

After a series of motions filed by Plaintiff and Defendant regarding the sale of the Property and the appointment of the receiver, the State Court, on August 30, 2005, entered its "*Decree Approving and Confirming August 30, 2005, Authorized Sale of Real Property &*

---

[1] The divorce proceeding was styled "*In the Matter of the Marriage of Ronald W. Baumgardner and In the Interest of Rachel Baumgardner, Minor Child*," Case No. DF98-17937-V.

[2] The Property is defined in the Divorce Decree (a definition the court adopts) as 742 Meadowglen Circle, Coppell, Texas 75019. The Property was the home of the parties and Defendant was awarded occupancy following the divorce on the terms set out above.

[3] The receiver was subsequently replaced pursuant an order entered by the State Court.

*Verified Exhibit Showing Condition of the Estate*" (the "Sale Order"). The Sale Order approved the sale of the Property to Plaintiff for $115,000.00. The deed conveying the Property as provided by the Sale Order (the "Deed") was not filed in Dallas County's property records until after Defendant had, on September 1, 2005, filed a petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The Defendant listed the Property as an exempt asset in her schedules.

On January 27, 2006, Plaintiff filed his "*Complaint to Determine Validity, Priority, or Extent of a Lien or Other Interest In Property and For Sanctions Under Rule 11 of the Federal Rules of Civil Procedure*" (the "Complaint"). In the Complaint, Plaintiff seeks an order from this court establishing that (i) Defendant has no ownership interest in the Property (ii) Plaintiff does not owe any monies and/or reimbursement from Plaintiff with regard to the sale of the Property, (iii) Plaintiff does not owe Defendant any monies for child support and/or reimbursement of expenses, and (iv) Plaintiff is entitled to judgment for reasonable attorneys' fees and costs and sanctions for violation by Defendant of Rule 11(b) of the Federal Rules of Civil Procedure.

On February 27, 2006, Defendant filed her "*Defendant's Original Answer to Plaintiff's Complaint to Determine Validity, Priority, or Extent of a Lien or Other Interest In Property and For Sanctions Under Rule 11 of the Federal Rules of Civil Procedure*." On September 25, 2006, the Defendant filed "*Jean Sanders Baumgardner's Counterclaim and Special Exceptions*" (the "Counterclaim"). In the Counterclaim, Defendant requests an order establishing that (i) Defendant has a one-half ownership interest in the Property, (ii) Plaintiff owes Defendant $24,375 for delinquent child support payments and child medical payments, (iii) Plaintiff owes Defendant $16,843.62 for one-half house repairs on the Property, (iv) Plaintiff owes Defendant

$2,368.13 in delinquent mortgage payments and $1,440 for delinquent property tax payments, and (v) Plaintiff owes Defendant $43,950 resulting from the sale of the Property.

On August 23, 2006, the State Court entered its "*Order on Motion to Enter and Final Order of Modification*" (the "2006 Order").

## DISCUSSION

### I. Defendant's Ownership Interest In The Property

The court must determine what rights, if any, Defendant had in the Property at the time of the filing of her chapter 7 petition. This determination will dictate the court's finding on several of Plaintiff's and Defendant's claims and defenses.

Defendant argues that the State Court appointed receiver fraudulently conveyed property that Defendant has exempted in her bankruptcy proceeding. Essentially, Defendant argues that by recording the Deed, Plaintiff violated the automatic stay, specifically 11 U.S.C. § 362(a)(3) and (6). 11 U.S.C. § 362(a)(3) operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Additionally, 11 U.S.C. § 362(a)(6) operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title…" Thus, as a preliminary matter, the court must determine whether the Property was property of the estate as of the commencement of the bankruptcy case.

### A. *Property of the Estate*

Under section 541(a) of the Bankruptcy Code, property of a debtor's estate includes "all legal and equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). The nature of the debtor's interest in property which accrues to the estate is based on non-bankruptcy law. *Matter of Pinetree, Ltd.*, 876 F.2d 34, 36 (5th Cir. 1989); *see also Butner v. United States*, 440 U.S. 48, 54-55 (holding that courts look to state law to characterize

the "property rights in the assets of a bankrupt's estate"). Therefore, the court must determine whether, under Texas law, Defendant had any legal or equitable interest in the Property as of the commencement of the case.

At the outset, it is important to recognize that the conveyance, if any, of the Property to Plaintiff occurred pursuant to an order by the State Court. Therefore, the sale of the Property was a sale of property in the State Court's custody pursuant to a judicial proceeding rather than by private parties or other non-judicial proceeding such as a foreclosure pursuant to a deed of trust.

The facts in this case are congruent with those addressed by the Court in *United States v. Bishop*, 262 B.R. 401 (W.D. Tex. 2000). In *Bishop*, the Court had to determine, under Texas law, the point at which title passes to a purchaser of real property pursuant to a court ordered foreclosure sale. The *Bishop* Court determined that under Texas law, a foreclosure sale conducted in accordance with an order of foreclosure under state law transfers equitable title to the purchaser, even in the absence of a recorded deed. *See id*. at 404-05 (citing *Peterson v. Black*, 980 S.W.2d 818, 822 (Tex. Civ. App.—San Antonio 1998, no writ)); *Simonds v. Standard Oil & Gas Co.*, 114 S.W.2d 226, 235 (Tex. 1938) (holding that failure to record a written deed does not divest the purchaser of title).[4]

The *Bishop* Court opined that if the sale, pursuant to a court order, takes place before a bankruptcy petition is filed, the debtor no longer has any legal or equitable interest in the property, and, regardless of when the deed is recorded, the property does not become part of the

---

[4] The court recognizes that the case at bar does not involve a foreclosure. However, the foreclosure in the *Bishop* case was conducted pursuant to a court order (and thus involved property *in custodia legis*) rather than by terms in a deed of trust (a non-judicial proceeding). Therefore, the analysis of when title passed to Plaintiff pursuant to the State Court's order in this case is analogous.

bankruptcy estate under section 541(a).[5] Such is the case here. The sale occurred pursuant to the Sale Order and was conducted two days *prior* to the petition date. Accordingly, as of the petition date, Defendant did not have any legal or equitable interest in the Property and therefore the automatic stay never triggered as to the Property as it was not property of the estate.

### B.     *Rooker-Feldman*

Because the Sale Order is a final judgment, the court must operate within the parameters of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine holds that federal trial courts do no have subject matter jurisdiction over challenges to state court judgments. *Liedtke v. State Bar of Tex.,* 18 F.3d 315, 317 (5th Cir. 1994). Review of such determinations may only be made by the Supreme Court of the United States. *District Columbia Court of Appeals v. Feldman*, 460 U.S. 461, 476 (1983). The *Rooker-Feldman* doctrine bars the losing party in a previous state court action from "seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

Several circuit courts have found bankruptcy and federal district courts in violation of the *Rooker-Feldman* doctrine with respect to bankruptcy matters. *See, e.g., In re Reitnauer,* 152 F.3d 341, 344 (5th Cir. 1998) (holding that after a bankruptcy court partially lifted the automatic stay to allow state court proceedings to continue, the federal district court "violated the letter of the *Rooker-Feldman* doctrine by sitting in appellate review of the state court judgment"); *In re Knapper*, 407 F.3d 573 (3d Cir. 2005); *In re Ebel*, 139 Fed.Appx. 26, 2005 WL 1189780 (10th Cir. 2005); *see also In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61 (1st Cir. 2002). In *In re Zambre*, 306 B.R. 428 (Bankr. D. Mass. 2004) the court denied the debtors' motion to avoid a lien on their alleged homestead pursuant to 11 U.S.C. § 522(f), concluding that the

---

[5]   In *Bishop*, the sale occurred after the petition was filed, and therefore the debtor retained her legal and equitable title in the property.

*Rooker-Feldman* doctrine precluded the court from reviewing a prepetition state-court judgment establishing that the debtors did not have a valid homestead. The court found that the motion to avoid the lien fell "squarely within the *Rooker-Feldman* doctrine." The court also found that *Rooker-Feldman* was applicable notwithstanding the fact that the matter was a core proceeding.

This court believes that the *Rooker-Feldman* doctrine applies in this case. If Defendant was not satisfied with the Sale Order, the proper action was to proceed in the Texas state court appellate process.[6] Even if the state court decision was "wrong," the Supreme Court has explained that the judgment is not void, "but merely left [] open to reversal or modification in an appropriate and timely appellate proceeding." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *citing Rooker v. Fidelity Trust Co.*, 263 U.S. 416 (1923). Thus, Defendant cannot circumvent Texas appellate rules by seeking a ruling at odds with the Sale Order in this court.

C.   2006 Order

Assuming, *arguendo*, that the court is incorrect in its holding that the Property was not property of the estate, the court must still rule in favor of the Plaintiff. Defendant listed the Property as an exempt asset. There were no objections to Defendant's listing of the Property as an exempt asset within the deadline provided by Federal Rule of Bankruptcy Procedure 4003(b) (whatever effect such listing may have had; clearly the mere listing of the Property as exempt could not enhance or diminish Defendant's interest in the Property). Thus, as of November 11, 2005, 30 days after the section 341 meeting, the Property, to the extent of any interest held by Defendant, ceased to be property of the estate by operation of law. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 643 (1992); *In re Tinker*, No. 05-13582-JNF, 2006 WL 3290843, at *3

---

[6] The court notes that according to the testimony of Plaintiff, Defendant has appealed several findings and orders of the State Court. The 2006 Order contains a finding that Defendant's "time to appeal or challenge" findings relating to Plaintiff's child support obligations and all issues relating to the Property have expired.

(Bankr D. Mass. Nov. 13 2006). At the moment Defendant's interest in the Property ceased to be property of the estate, the automatic stay lifted. *See* 11 U.S.C. § 362(c)(1). Any entitlement Defendant had to protection of section 362(a) as to her (as opposed to the estate's interest in the Property) ended upon her discharge on February 1, 2006. *See* 11 U.S.C. § 362(c)(2)(C). Thus, by that date, the stay could not prevent effectiveness of transfer of the Property to Plaintiff. Accordingly, the State Court's entry of the 2006 Order did not violate any provision of the Bankruptcy Code. The 2006 Order provides, "[a]ll issues of real property were disposed of by the entry of the Decree Confirming Report of Sale of Real Estate & Verified Exhibit Showing Condition of the Receivership Estate dated August 30, 2005." By reaffirming the Sale Order, the State Court has divested Defendant of any interest in the Property, if any survived the entry of the Sale Order itself, and this court has no authority upon which to review such order.

### III. Reimbursement for House Repairs on the Property

Defendant argues that she is entitled to reimbursement of half of the amounts she expended for various repairs she made to the Property. Defendant's entitlement to reimbursement is again an issue that could have been addressed in the Sale Order. Thus, since no right to reimbursement was preserved as a severed asset in the estate, any claim of Defendant is now *res judicata*. *See Njuku v. Middleton*, 20 S.W.3d 176 (Tex. App.—Dallas 2000, pet. denied) (holding that *res judicata* barred plaintiffs' action seeking title to and possession of property, where there existed prior final judgment on merits by court of competent jurisdiction). Accordingly, Defendant's request for reimbursement from Plaintiff of any amounts she expended for various repairs to the Property is hereby **DENIED**.

### IV. Child Support

The court incorporates the *Rooker-Feldman* discussion above. The Modification Order provides "[t]he Court finds that the child support obligation of [Plaintiff] terminated under the Decree of Divorce on February 11, 2003." Additionally, the 2006 Order provides, "the child support obligation of Ronald W. Baumgardner, was terminated as of February 11, 2003, by the entry of [the Modification Order]." The *Rooker-Feldman* doctrine dictates that the court cannot revisit the child support issue. Accordingly, Defendant's request that the court find that Plaintiff owes Defendant any child support is hereby **DENIED**.

### V. Attorneys' Fees and Sanctions

Plaintiff requests that this court award him his attorneys' fees and costs and further seeks the recovery of sanctions for violation of Rule 11(b) of the Federal Rules of Civil Procedure (which is substantially the same as Federal Rule of Bankruptcy Procedure 9011, applicable in this matter). Although the court has found that the Property was not property of the estate or property belonging to Defendant as of the commencement of the bankruptcy case, the court does not believe that Defendant's claim was frivolous because the Deed was not recorded until after the bankruptcy was filed. The law respecting application of the automatic stay when the filing of a bankruptcy petition occurs after a sale of realty but before the recording of the deed is not so clearly defined that Defendant should be held to account under Rule 9011. *See, e.g., In re Philadelphia Penn Worsted Co.*, 278 F.2d 661 (3d Cir. 1960); *Gulf Petroleum, S.A. v. Collazo*, 316 F.2d 257 (1st Cir. 1963).

The court does not believe that Defendant's argument that she retained an interest in the Property has been shown to be an attempt to harass Plaintiff. Plaintiff could arguably have relied on the Sale Order and the 2006 Order rather than commencing this adversary proceeding to test

the legal effect of Defendant's bankruptcy filing (and of her theories of ownership).[7] Having initiated this litigation, Plaintiff is not, in the court's view, a suitable candidate to benefit from sanctions. Accordingly, Plaintiff's request seeking attorneys' fees and sanctions is hereby **DENIED**.

Counsel for Plaintiff is directed to prepare and submit a Final Judgment consistent with this memorandum opinion.

---

[7] The situation might be different had Plaintiff brought the adversary proceeding *before* recording the Deed. Such a procedure would have been in accord with *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238 (5th Cir. 2006); *Brown v. Chesnut (In re Chesnut),* 422 F.3d 298 (5th Cir. 2005). Having recorded the Deed notwithstanding the pendency of Defendant's bankruptcy — contrary to the clear teaching of *Chesnut* and *Bonneville Power* — Plaintiff chose to risk violating the stay of section 362(a) and so forfeited any entitlement to equity from this court, including reimbursement of costs.